One year (50 issues) Payable in Advance.......$15.00
Single Numbers ................................ .35

### THE LAW ABSTRACT COMPANY

Office, Editorial Rooms and Library, 13916 Euclid Ave. Cleveland. O.

## Weekly Abstract of PENDING CASES

**EXPLANATION.** The following statements, synopsizing cases recently docketed in the Supreme Court, were prepared by our editors, from the recitals, arguments, etc., appearing in the Motion to Certify, Briefs and other papers filed therewith.

It should be borne in mind that the Pending cases are, as yet, undecided, and the results merely problematical. They are published in the Abstract, premonitorially, to acquaint the Bar with the issues in them, and to confront the lawyers with knowledge that, as an authority, they, and former decision in the case, will be unsettled, until a final decision is made.

Consult the weekly Concordance closely, to ascertain the dispositions finally made of the cases by the higher courts.

For meaning of Abreviations, See Ternary Digest, page XII.

### No. 619

#### STANEART v. KOPP

Supreme Court.

On motion to certify.

**482. EXCEPTIONS—225** Charge of Court —May party avail himself of error in special charge where no exception was taken at trial?

**123. BAILMENTS—May** bailor recover from third party where bailee would be barred by contributory negligence.

This action was commenced in the Common Pleas Court by Andrew Kopp against L. T. Staneart. The parties will be hereinafter referred to as plaintiff and defendant as they appeared in the trial court.

Plaintiff loaned his automobile to his son. While the son was driving the car, it collided with defendant's service truck. Plaintiff brought an action to recover damages for injury to his car.

The evidence showed possible negligence on the part of plaintiff's son, and also possible negligence on the part of defendant. On trial the defendant made certain special requests for charges to the jury. Some of these charges were given as requested. Plaintiff made no objection thereto during the trial, and no exceptions were taken.

The court in its general charge to the jury stated that if the jury should find from the evidence that defendant was negligent, and that the son of plaintiff was also negligent, and that the contributory negligence of the son of plaintiff was the proximate cause of the collision, the plaintiff could recover.

The Court of Common Pleas found for the defendant, and the Court of Appeals reversed the Common Pleas, giving as the reason, that the trial court made inconsistent charges to the jury. On motion to certify, the defendant who is the plaintiff herein, claims as follows:
1. That a party cannot avail himself of possible error in special written requests made before argument by the adverse party and given by the trial judge, unless the party complaining made objection and noted exception upon the record. Little Miami Ry. Co. v. Washburn, 22 OS. 324; State v. Keller 93 OS. 69.

2. That the court did not err in charging the jury, that if the son, who was the bailee, was barred from recovering because of his contributory negligence, the father who was the bailor would be barred for the same reason. Puterbaugh v. Reasor 9 OS. 484.

### No. 620

#### ANDERSON, Sheriff, v. BROWN

No. 20590.      Supreme Court.

Habeas Corpus. Dock. 6-10-27; 5 Abs. 398.

**531. FINES AND PENALTIES—Are fines and penalties cumulative or non-cumulative where court fails to specify.**

Four fines in one day. Worked out largest fine. Court of Appeals released on habeas corpus. Reversal sought.

Brown was fined by the Municipal Court of Cincinnati, on three different charges and on the same day by the Court of Common Pleas of Hamilton County on a fourth charge; none of the fines were specifically declared to be cumulative.

Having served out the term of the largest fine, he brought action in habeas corpus in the Court of Appeals seeking his release.

The Court of Appeals held that unless the various sentences specifically provided that one fine was to be served out after another had been completed, all four fines would be served at the same time. Brown was accordingly released.

This action is filed in the Supreme Court as a matter of right because it originated in the Court of Appeals. The sheriff seeks to reverse the holding.